IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID ELIJAH BOWERS, JR.,

                                                                                           ORDER

                Petitioner,

                                                                         13-cv-63-bbc

    v.

WILLIAM POLLARD,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner David Elijah Bowers, Jr., has brought a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The argument in his petition consists of one sentence: "The court put me twice in jeopardy by revoking [a] discharge case 2 years 9 months and 14 days." Dkt. #8. Although petitioner does not provide any context, the petition seems to be the same as Bowers v. Barton, 10-cv-396-bbc (W.D. Wis.), in which he alleged that, in October 2008, a state court judge purported to revoke his extended supervision for two sentences, even though he had completed serving those sentences. I later dismissed that petition on the ground that petitioner had procedurally defaulted on the claim by failing to fairly present it to the state courts.

      If petitioner is challenging the same decision as in his 2010 case, I have no authority to consider it. Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the

application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. In re Page, 179 F.3d 1024, 1025 (7th Cir. 1999). A dismissal for procedural default is a decision on the merits because, in that case, "the [petitioner] has no further opportunity to obtain a disposition on the merits of his or her claims in the state courts." Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005). Accord Carter v. United States, 150 F.3d 202, 205-06 (2d Cir.1998); Hawkins v. Evans, 64 F.3d 543, 547 (10th Cir. 1995).

Although petitioner seems to be challenging the same decision a second time, it is impossible to be certain about that because he has not provided enough information with his petition. Accordingly, I will give petitioner an opportunity to show that he is challenging a different decision. In particular, petitioner should file with the court a copy of the decision he is challenging. If he has no written decision, he should identify the date of the decision, the conviction or convictions it related to and any other information he can provide showing that it is different from the decision challenged in the 2010 case. In addition, petitioner should provide copies of any decisions from the Wisconsin Court of Appeals and the Wisconsin Supreme Court related to this petition so that the court can determine whether he has exhausted his state court remedies.

ORDER

IT IS ORDERED that petitioner David Elijah Bowers, Jr. may have until April 12, 2013, to show cause why this case should not be dismissed as a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). He should provide all of the information requested in the

order. If petitioner does not respond by April 12, I will dismiss the petition for petitioner's failure to obtain the authorization required by 28 U.S.C. § 2244(b)(3)(A).

Entered this 26th day of March, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge